IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DREAMS, LLC**                                                                                    **PLAINTIFF**

**VERSUS**                                                                      CAUSE NO. 3:22-cv-346-TSL-RPM

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON;**
**PENINSULA INSURANCE BUREAU, INC.;**
**MATT HOFFMAN; AND**
**JOHN AND JANE DOE DEFENDANTS A, B, and C**           **DEFENDANTS**

**COMPLAINT**
**(JURY TRIAL REQUESTED)**

Plaintiff Dreams, LLC a Mississippi limited liability company, brings this Civil Complaint for damages against the named Defendants, as follows:

**PARTIES**

1. Dreams, LLC ("Dreams") is a Mississippi limited liability company in good standing, headquartered in Hinds County, Mississippi.

2. CERTAIN UNDERWRITERS AT LLOYD'S, LONDON ("Lloyd's") is a foreign insurer under Mississippi law, which is not licensed by the State of Mississippi, but which insures certain risks in Mississippi. Lloyd's committed a tort in whole or in part in, and breached a contract in the State of Mississippi, and may be served with process by service upon its agent for service of process under law, c/o Mike Chaney, Commissioner of Insurance for the State of Mississippi, 501 N. West Street, Suite 1001, Woolfolk State Office Building, Jackson, Mississippi 39201, or per the provisions of the policy at issue on Mendes & Mount, LLP, 750 Seventh Ave., New York, NY 10019-6829. On information and belief, each of the Lloyd's members/subscribers who underwrote the subject policy of casualty insurance is domiciled in the United Kingdom or otherwise outside the State of

1

Mississippi.

3. Peninsula Insurance Bureau, Inc. is a Florida corporation providing insurance adjusting services, and may be served with process through its registered agent Jose Palacios, 6065 NW 167 Street, Suite B1, Miami, FL 33015.

4. Matt Hoffman is an insurance adjuster employed by Peninsula Insurance Bureau at all times relevant to the claims in this complaint. Adjuster Hoffman is a citizen of Florida and has no known address for service of process.

5. Defendants, John and Jane Does A, B, and C, are agents and representatives of the named defendant(s) who participated in the torts against the Plaintiff, and/or are other individuals or entities who caused or contributed to the Plaintiff's damages, whose identities and scope of liability are currently unknown. All allegations and claims asserted herein are incorporated herein by reference against John and Jane Does A, B, and C. When their true identities and liability are known, John and Jane Does will be identified by name and joined in this action, if necessary, pursuant to applicable law.

## Venue and Jurisdiction

6. This Court has jurisdiction over this matter pursuant to 33 U.S.C. § 1332 because there is complete diversity among the parties, and Dreams is seeking damages in excess of $75,000. This is the proper venue for this cause of action pursuant to applicable law, because Southern District of Mississippi is where substantial alleged acts or omissions occurred, and where a substantial event that caused Dreams' injuries and damages occurred. Lloyd's is also required by the terms of its contract of insurance with Dreams to submit to the jurisdiction of this Court, and to comply with any and all requirements necessary to give this Court full authority and jurisdiction over the parties, claims, and subject matter set forth herein.

**Factual Background**

7. This action is brought for damages including, but not limited to, contractual, compensatory, consequential, and punitive damages arising from Defendants' bad faith, grossly negligent and reckless acts and omissions in connection with an insurance claim arising from a fire at the Hilltop Inn and Suites, a hotel owned by Dreams in Jackson, Mississippi.  These acts and omissions, which are further described below, include breach of the duty of good faith and fair dealing, breach of the duty to conduct an adequate investigation of a claim, misrepresentations, breach of contract, malpractice, and bad faith refusal to pay contractual insurance benefits.

8. At all relevant times for the matters in this complaint, Dreams was the owner of the Hilltop Inn and Suites ("the Hilltop Inn"), a hotel located at 1065 I-20 Frontage Road South in Jackson, Mississippi.  In the period February 19, 2019 through February 19, 2020 the Hilltop Inn was insured by Lloyd's under Policy No. 77MJM-2706 ("the Policy"). Dreams paid a premium of $11,872.58 for the Policy. Dreams purchased the Policy for the express purpose of insuring the Hilltop Inn against the covered damage or loss, including any damage or loss from fire.

9. At all material times Dreams paid all premiums due for the Policy, and fully satisfied all its duties and obligations thereunder.

10. The Hilltop Inn property consisted of two buildings, designated Building One and Building Two.  On February 7, 2020 both Building One and Building Two were damaged by a fire.

11. Dreams made a proper and timely claim for benefits due under the Policy as a result of the February 7, 2020 fire.

12. Lloyd's retained Peninsula Insurance Bureau, Inc. to act on its behalf with respect to the Hilltop Inn claim.  Adjuster Matt Hoffman acted as Lloyd's agent in adjusting the Hilltop Inn claim.

13. Dreams hired American Construction Management Services (AMCS) to act as a contractor

on its behalf in documenting and determining repair costs for the Hilltop Inn. ACMS' principal, Dwaine Foster, provided Adjuster Hoffman with timely and appropriate proof of the damage to the buildings and other property.

14. Although Lloyd's eventually paid for a part of the damage to the Hilltop Inn, Adjuster Hoffman was frequently slow to respond to communications, and the claim process was extended over 16 months. During this period, the Hilltop Inn property was subject to vandalism and theft, and had to be repeatedly resecured, at great expense.

15. Building 2 of the Hilltop Inn was damaged by the fire, water infiltration, and smoke. Of relevance for this case, insulation in Building 2 was contaminated with smoke and required removal and replacement. On June 1, 2021 Dream submitted a supplemental estimate for Building 2 which documented the cost of removing and replacing the damaged insulation. In response, Lloyd's supplied an estimate for repair to Building 2 that included only damage from water infiltration, and as a consequence was approximately $344,000 lower than the actual cost to repair Building 2.

16. On June 1, 2021, ACMS, on behalf of Dreams, advised Adjuster Hoffman by email that there was a discrepancy in the estimates for damage to Building 2, and that this discrepancy was due to the fact that Lloyd's did not include removing and replacing smoke damaged insulation. Also on June 1, 2021, Adjuster Hoffman replied by email in part as follows:

> I have reviewed your attached Estimate that you claim is for items only related to Fire damages. However, it is clearly noted that your estimate contains overlapping items under the Vandalism claim. Moreover, our retained building consultant and adjuster completed multiple inspections without noting your claimed fire damage as contained in your estimate.
>
> At this time, you are claiming that smoke was discovered to the insulation within the walls and ceilings. Please provide documentation that supports your claim in the form of photos, testing reports, etc. Upon receiving your documentation, I will review to determination the next course of action.

17. On June 3, 2021 ACMS, on behalf of Dreams, provided Adjuster Hoffman with a report by Argus Environmental, a certified industrial hygienist, documenting the smoke damaged insulation.

18. On July 7, 2021, having heard nothing further from Lloyd's, ACMS emailed Adjuster Hoffman as follows:

> As requested, I sent you the CIH report from Argus Environmental on June 3rd. Please confirm receipt and let "us" know if you have any more questions in it's regard. I refer to "us" in case you want to address Mr. Banerjee only. He will forward to me.
>
> My estimators went back through our supplement for the fire damages on building 2. We do not see any redundancy with the vandalism claim. Please send "us" something from you or your estimators demonstrating the redundancies you are finding. We are more than happy to approve any changes needed for any mistakes on our behalf.

19. By July 22, 2021 Adjuster Hoffman on behalf of Lloyd's had not responded to the multiple communications about the smoke damaged insulation issue. ACMS again emailed Adjuster Hoffman and asked if Lloyd's had considered the supplemental estimate for damage to Building 2.

20. On July 26, 2021, Adjuster Hoffman replied "I will be reviewing and contact you if further questions arise."

21. By August 5, 2021, Lloyd's had still not given any substantive response to the supplemental estimate or the industrial hygienist's report on the smoke damaged insulation. ACMS again emailed Adjuster Hoffman and asked if there were any further questions about the industrial hygienist's report or the photos of smoke damage. ACMS advised Adjuster Hoffman that Dreams was trying to plan out a reconstruction schedule and needed to know how much money it had available.

22. On August 17, 2021, two and a half months after he was supplied with the certified industrial hygienist's report, Adjuster Hoffman replied as follows:

> In order to determine if the supplement is warranted, more investigation will be needed. We have again retained Young & Associates and Stephen Gutshall will be contacting you to review the next steps to bring this to a close.

Mr. Gutshall has been cced to this email and his contact number is 205-603-0487.

23. On August 17, 2021, ACMS immediately left a message at the number provided by Adjuster Hoffman for Stephen Gutshall. ACMS further replied to Adjuster Hoffman that he would supply Mr. Gutshall with anything needed and could coordinate a site visit.

24. On August 23, 2021, Amit Banerjee, one of the owners of Dreams, emailed Adjuster Hoffman advising him that because the land on which the Hilltop Inn is located was government land, Dreams needed to submit a plan for the property by September. Mr. Banerjee asked Adjuster Hoffman "pl help me and settle the claim issue."

25. On September 28, 2021, having heard nothing further from Adjuster Hoffman, ACMS emailed him again to ask for action on the payment for the smoke damaged insulation.

26. On October 8, 2021, Adjuster Hoffman replied as follows:

> "Again, in order to determine if the supplement is warranted more investigation is required. At this time, your presented documentation is not acceptable.
>
> Currently, I am still pending the report from Stephen Gutshall of Young & Associates. I will be contacting you once the report has been received and reviewed. "

Adjuster Hoffman did not provide any information on why the industrial hygienist's report and other documentation submitted was "not acceptable."

27. On October 8, 2021, ACMS responded and requested that Adjuster Hoffman "let us know what else you may need," and asked if he had any idea when the consultant's report would be received.

28. On October 25, 2021, again having heard nothing from Adjuster Hoffman, ACMS wrote to him as follows:

> We have heard nothing from your consultant. Is he coming anytime soon? Vagrants and vandals repeatedly tear off the plywood security covers on the doors. I have been mentioning

6

> this issue from the beginning. We have repeatedly gone back and re-secured. Removing the door security is not increasing the claim. You have paid enough for the vandalism except for the additional repeated boarding up.
>
> The issue is the drywall that needs to be replaced in order to access the smoke damaged insulation. As a licensed general contractor, I am not accustomed to the insurance proceeds for replacement not being paid to the owner, especially after having it tested by a Certified Industrial Hygienist.
>
> If you need to do more testing, please let Mr. Banerjee know when. I will be happy to provide access.

29. On October 26, 2021, Dreams' owner, Amit Banerjee, again wrote directly to Adjuster Hoffman and asked him to please finish the claim. Mr. Banerjee further advised him that they were repeatedly spending money to secure the property.

30. On November 10, 2021, once again having heard nothing from Adjuster Hoffman, ACMS wrote him as follows:

> I am resending this email from two weeks ago. Please address this smoke damaged insulation issue in the walls and the ceiling of this property. We had a very well credentialed certified industrial hygienist test this building and create a very comprehensive report. You have had the report from ARGUS Environmental for 5 1/2 months. We are not aware of your expert even coming to the site yet. Please pay our supplement for the fire damages to the structure only on building two. You have had this supplement for 5 1/2 months also.
>
> You stated that we are clearly including redundant items. We do not see one single thing that is redundant but are more than happy to discuss. Please respond. This is causing Mr. Banerjee financial problems and preventing us from properly repairing the building.

31. On November 12, 2021, almost six months after being given the supplemental documents and the Certified Industrial Hygienist's report, Adjuster Hoffman again replied as follows:

> Again, in order to determine if the supplement is warranted more investigation is required. At this time, your presented documentation is again not acceptable.
> Currently, I am still pending the report from Stephen Gutshall of Young & Associates. I will be contacting you once the report has been received and reviewed."

Once again Adjuster Hoffman did not explain or provide any information on why Dreams' documentation was "not acceptable."

32. ACMS replied on November 12, 2021 as follows, again advising Adjuster Hoffman of the need to close out the claim and the ongoing damage to the property:

> Has Mr. Gutshall been onsite? If so, we were not contacted. We have requested this be done and have heard nothing. The vandalism claim is increasing almost daily but if you would pay the fire supplement on building two, I believe Mr. Banerjee would want to move on. How much longer do you think Mr Gutshall needs? The city is going to penalize Mr. Banerjee if we can not move this matter forward this month. This property is being resecured almost weekly. It is constantly costing him money.

33. Adjuster Hoffman never replied to this email. Throughout the ensuing period Dreams attempted to keep the buildings secure. Doors, fixtures, wiring and even the security fence around the property were stolen. In February of 2022, due to the deterioration of the property caused by vandalism and the passage of time, Dreams was forced to relinquish the lease on the Hilltop Inn property and demolish the Hilltop Inn buildings. The necessity of demolishing the buildings was the direct result of the delay in payment of legitimate claims under the Lloyd's policy.

34. On April 28, 2022, Adjuster Hoffman mailed Dreams a letter denying the claim, stating "since your actions in having the building demolished prevented us from investigating the claimed damaged property, we are partially denying your contractors estimate and standing by our previously issued estimate." Lloyd's alleged that on March 24, 2022, after the building was demolished and almost 10 months after receiving the report from Dreams' industrial hygienist, Lloyd's "retained experts" visited the site. Lloyd's thus cited actions caused by Lloyd's own unconscionable and unreasonable delay in investigating and paying the claim as the reason for denying the claim.

35. As a direct and proximate result of Lloyd's failure to timely investigate its claim, Dreams was delayed in repairing the Hilltop Inn and was subjected to months of vandalism and theft. As a direct and proximate result of the failure to properly investigate and full pay the claim Dreams was ultimately required to demolish the damaged buildings, at great economic loss.

8

36. As a direct and proximate result of Lloyd's' wrongful denial of Dreams' claim, failure to comply with Mississippi law, and gross, wanton and unreasonable failure to investigate, Dreams was forced to hire counsel and incur attorney's fees and litigation costs to enforce its contractual rights.

## Causes of Action

### COUNT ONE – BREACH OF CONTRACT BY LLOYD'S

37. Plaintiff incorporates all preceding paragraphs as if fully incorporated herein.

38. Under its insurance contract with Lloyd's, Dreams contracted for, purchased, paid for, and was entitled to receive coverage for losses caused by fire.

39. The Hilltop Inn suffered damage and loss from a fire within the policy period and made a timely claim for benefits to Lloyd's.

40. Lloyd's had a duty to promptly conduct a thorough investigation, to ascertain and apply the law of Mississippi, and to pay Dreams' claims under the policy in accordance with the terms of the policy and applicable Mississippi law.

41. Lloyd's breached each of the above enumerated duties, constituting a breach of the insurance contract.  Specifically, Lloyd's did not pay for the removal and replacement of smoke damaged insulation in Building 2 of the Hilltop Inn, despite being provided with more than adequate proof of loss and expert reports.

42. Lloyd's' breach of contract caused Dreams to suffer economic damage, as set forth in this Complaint.

### COUNT TWO –INADEQUATE INVESTIGATION AND RECKLESS DISREGARD BY LLOYD'S

43. Plaintiff incorporates all preceding paragraphs as if fully incorporated herein.

44. Lloyd's had a contractual duty, and had a duty under Mississippi law, to fully, fairly, adequately, timely, and thoroughly investigate and adjust Dreams' claim for benefits under the Policy, including the duty to ascertain and apply applicable Mississippi law.

45. Lloyd's breached its duty to conduct such an investigation and to base its claims decision on the true facts and applicable law.

46. Lloyd's did not advise Dreams of any respect in which the proof it submitted was "not sufficient."

47. Had Lloyd's conducted the requisite investigation in the 8 months following being notified of the smoke damaged insulation, it would have discovered, and/or did discover but chose to ignore, that there was no basis to deny Dreams' claim for this damage.

48. Lloyd's' inadequate investigation caused Dreams to suffer economic damage, as set forth in this Complaint, and its actions and omission rise to the level of such gross negligence as to constitute reckless disregard for Dreams' rights, thereby subjecting Lloyd's to punitive damages.

## COUNT THREE – BREACH OF THE DUTY OF
## GOOD FAITH AND FAIR DEALING AND RECKLESS DISREGARD

49. Plaintiff incorporates all preceding paragraphs as if fully incorporated herein.

50. A special relationship exists between an insurer and its insured; such relationship is best characterized as one requiring the utmost good faith and fair dealing. Lloyd's breached its duties of good faith and fair dealing by violating standards of decency, fairness, timeliness, and reasonableness, in the following ways:

    a. Grossly, negligently, and/or recklessly failing to conduct an adequate, proper, honest, timely, and good faith adjustment and investigation of Dreams' claims as to smoke damaged insulation under the Policy;

    b. Choosing not to conduct a reasonable investigation to ascertain applicable Mississippi law, and/or to ignore and mispresent applicable Mississippi law;

    c. Other acts and omissions to be shown at trial.

51. Lloyd's' breaches of its duties of good faith and fair dealing proximately caused Dreams' economic damages, as set forth in this Complaint, and rise to the level of such gross negligence as to constitute reckless disregard for Dreams' rights, thereby subjecting Lloyd's to punitive damages.

### COUNT FOUR – BAD FAITH / RECKLESS DISREGARD

52. Plaintiff incorporates all preceding paragraphs as if fully incorporated herein.

53. Lloyd's failed to articulate a basis for its initial denial of Dreams claims, and in fact, had no reasonable or arguable basis to deny Dreams' claim for smoke damaged insulation and resulting damages claims – a fact that would have been clearly demonstrated through an adequate investigation, and/or which was known but was deliberately ignored and misrepresented.

54. Lloyd's' bad faith caused Dreams to suffer economic damages, as set forth in this Complaint, and rises to the level of such gross negligence as to constitute reckless disregard for Dreams' rights, thereby subjecting Lloyd's to punitive damages.

### COUNT FIVE: GROSS NEGLIGENCE OF PENINSULA INSURANCE AND MATT HOFFMAN

55. Plaintiff incorporates all preceding paragraphs as if fully incorporated herein.

56. As insurance adjusters acting on behalf of Lloyd's, Peninsula Insurance Bureau and Adjuster Hoffman, owed Dreams an independent duty to act in a manner that was not grossly negligent, malicious, or in reckless disregard of Dreams' rights.

57. Through the actions and omissions described in this Complaint, Defendants Peninsula and Hoffman, and each of them, acted with gross negligence, with reckless disregard of Dreams' rights, and/or maliciously.

58. These breaches and gross negligence caused or contributed to the injuries and damages set forth in this Complaint.

## DAMAGES

59. Plaintiff incorporates all preceding paragraphs as if fully incorporated herein.

60. As a proximate, foreseeable result of the breach of contract, bad faith, breach of the duty of good faith and fair dealing, and breach of the duty to conduct an adequate investigation, gross negligence, and reckless disregard by Defendants, and each of them, Dreams was forced to hire counsel and incur attorneys' fees and other expenses to enforce its contractual rights. Only by permitting recovery of attorneys' fees and costs can Dreams be afforded the full benefit of the bargain ensured by the subject contract of insurance.

61. Dreams is entitled to and prays for recovery of economic damages from Defendants in the form of the full amount of benefits provided by the Policy for losses and damages described, and interest thereon as provided by Mississippi law, attorneys' fees and costs of litigation, incidental damages, and all interest due thereon.

62. Dreams is also entitled to, and prays for, pre-judgment interest on all of Dreams' liquidated damages; as well as post judgment interest, in the amount of 10% per anum or such other amount to be set by the Court, running from the date of loss until paid in full.

63. Dreams is further entitled to and prays for an award of punitive damages against Lloyd's in an amount sufficient to punish Lloyd's for its reprehensible, unfair, and deceptive conduct, inadequate investigation, breach of the duty of good faith and fair dealing, bad faith breach of

contract, and reckless and callous disregard for Dreams' rights, and to deter Defendants and other, similarly situated entities from committing similar wrongs in the future.

64. Dreams is further entitled to and prays for an award of punitive damages against Peninsula Insurance Bureau and its Adjuster Hoffman in an amount sufficient to punish said Defendants, and each of them, for their gross negligence and/or reckless disregard for Dreams' rights, and to deter Defendants and other, similarly situated entities from committing similar wrongs in the future.

65. Dreams prays for an award of all other damages and relief, including economic, noneconomic, equitable, and nominal, deemed appropriate by this Honorable Court.

WHEREFORE, PREMISES CONSIDERED, Dreams, LLC demands judgment from and against Defendants, and each of them, jointly and severally, for economic and punitive damages, in an amount to be determined by a Jury in this cause, together with pre-judgment and post-judgment interest in the amount of 10% per annum or in another amount provided by law, attorneys' fees and costs of this action, and any and all additional relief deemed appropriate by this Honorable Court.

Respectfully submitted, this the 21st day of June, 2022.

Dreams, LLC, Plaintiff

/s/ Robert B. Wiygul
Robert B. Wiygul (MSB #7348)
WALTZER WIYGUL & GARSIDE LLC
1011 Iberville Drive
Ocean Springs, MS 39564
Tel: (228) 872-1125
Fax: (228) 872-1128
robert@wwglaw.com